UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVIN HANKS (#399204), Plaintiff | CIVIL ACTION NO. 1:17-CV-438-P |
| VERSUS | CHIEF JUDGE DRELL |
| CASEY MCVEA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Davin Hanks ("Hanks") (#399204). Hanks has been granted leave to proceed *in forma pauperis*. (Doc. 4). Hanks is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC"). He names as defendants Dr. Casey McVea and Raman Singh. Hanks complains that he has been deprived of adequate medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Hanks was injured during an altercation with other RLCC inmates. Hanks was brought to the infirmary, and Dr. McVea called an ambulance. Hanks was transported to a hospital where he was diagnosed with numerous facial fractures that "would require surgery in two weeks." (Doc. 1, p. 4). Hanks was transported back to

RLCC, where he remained under observation in the infirmary's critical care unit. (Doc. 1, p. 4; Doc. 6, p. 3). However, after approximately nine days, Hanks was released from the infirmary into general population. (Doc. 1, p. 4). Five days later, Hanks was transported to the LSU medical center in Shreveport, where he was evaluated by a specialist. A follow up appointment was scheduled for two weeks later. (Doc. 1, p. 4). The specialist opined that surgery was not required. (Doc. 1, p. 6).

Hanks alleges that Dr. McVea should not have discharged Hanks from the infirmary. Hanks complains that, after he was examined by the specialist, Dr. McVea should have conducted his own independent examination. (Doc. 1, p. 5). He alleges that "any layperson would conclude that corrective surgery was necessary which is in direct contrast to what the specialist reported." (Doc. 1, p. 6). Hanks complains that he was not physically examined or evaluated by Dr. McVea.

Hanks alleges that Dr. Singh provided inadequate staffing by allowing Dr. McVea to practice medicine at RLCC. (Doc. 1, pp. 7-8)

II. <u>Law and Analysis</u>

  A. <u>Hanks's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Hanks is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Hanks's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Hanks's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of

the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Hanks was not deprived of medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Hanks was transported to the emergency room on the date of his injury. He was then housed in the infirmary at RLCC for approximately nine days under

3

observation. Hanks was examined by a specialist outside of RLCC. Hanks clearly disagrees with the opinion of the specialist, and he assumes that Dr. McVea would have a differing opinion. (Doc. 6, p. 5). Hanks has not alleged that he was deprived of medical care. Instead, he disagrees with the diagnosis of the specialist. Such a disagreement does not state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, the allegation that Dr. McVea would have had a different opinion from the specialist and overridden the recommendation of the specialist is conclusory.

The Eighth Amendment does not require that a particular physician provide medical care, only that adequate care be provided. Prisoners are not entitled to the "best medical care money can buy." Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). In this case, even if Dr. McVea did not examine Hanks, he received medical care from an emergency room physician, a specialist, and the RLCC infirmary staff. Hanks's disagreement with the physician selected or the opinion of that physician does not state a constitutional claim. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Hanks alleges that Defendant Singh appoints DOC physicians, and is liable for not having a treating physician "adequately evaluate [Hanks] and make a professional judgment on his med. needs." (Doc. 1, p. 7). Hanks received adequate medical care from the emergency room physician and the specialist. Hanks has not alleged deliberate indifference to his serious medical needs by Defendant Singh.

Hanks was ordered to amend his complaint and state any dates on which he sought medical care at RLCC and was denied an appointment or sick-call. Hanks did not identify any instance on which he sought and was denied medical care. Hanks states that he sought medical care on November 8, 2016, and Dr. McVea did not treat him. (Doc. 6, p. 7). However, Dr. McVea called an ambulance and had Hanks transported to the hospital. Thus, Hanks did receive medical care.

Hanks was instructed to state what injury he suffered as a result of being released from the infirmary after nine days. Hanks has not alleged any injury resulting from the timing of his release. Moreover, the decision to release an inmate from the infirmary is a discretionary medical decision. As stated herein, such a disagreement does not state a claim of deliberate indifference. See Banuelos, 41 F.3d at 235; Varnado, 920 F.2d 321.

### III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Hanks's complaint be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge